**UNITED STATES of America,
Plaintiff,**

v.

**DRAKE AND BEEMONT MUTUAL AID
SOCIETY AGAINST FIRE AND
LIGHTNING, an unincorporated association, Defendant.**

**No. 60 C 337(3).**

United States District Court
E. D. Missouri, E. D.
Feb. 15, 1963.

Richard D. FitzGibbon, Jr., U. S. Atty., William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, Mo., for defendant.

REGAN, District Judge.

The United States of America, as assignee of insured, brought action against the insurer on a fire policy to recover loss of corn which had been sealed and mortgaged to the Commodity Credit Corporation by the insured. The basic facts in this case are undisputed. Russell Rhoads was a member in good standing of the defendant Society from December 18, 1957, and the corn which was mortgaged to the Commodity Credit Corporation was stored on the insured's farm on the aforementioned date. On February 7, 1958, Russell Rhoads mortgaged 10,-792.88 bushels of corn to the Commodity Credit Corporation; the dollar value of the corn was $11,602.35.

The defendant insured against loss by fire two-thirds of the total value of the property owned by Russell Rhoads. On February 10, 1958, a fire on the farm of the insured destroyed, among other things, the 10,792.88 bushels of corn which had been mortgaged to the Commodity Credit Corporation. On February 11, 1958, the defendant's appraisers appraised the fire, loss of its insured, Russell Rhoads, and subsequently paid insured the sum determined to be his loss which sum did not include coverage on the 10,792.88 bushels of corn on which plaintiff held the chattel mortgage. On April 9, 1958, Russell Rhoads executed an instrument which plaintiff maintains is an assignment of his rights under the policy.

There were no insurance policies, in the accepted sense, issued to the members of the Society, but they received a list of property which was to be covered under the defendant's insurance program. Such a list was furnished to Russell Rhoads. Russell Rhoads also received a copy of the by-laws of the Society which, in addition to the list, contained provisions covering any loss by fire or otherwise and were binding on all insureds.

Defendant denies liability to plaintiff for loss of the stored corn. Defendant makes three contentions: First: That there could be no assignment under the by-laws and listing; Second: That the plaintiff, by the terms of its mortgage, held the insured harmless in the event of a fire which destroyed the corn and thus no loss was suffered by the insured; Third: That by cashing the check issued by defendant prior to the execution of the assignment, the insured thereby released the defendant from all liability.

As to plaintiff's first contention, it is true that the insurance, or membership, could not be assigned. In this case, however, it is plain that there was no assignment of the membership of the insured, or that the assignment purports to transfer to the plaintiff the interest of the insured under the listing. What has been assigned is the right of recovery after loss.

As to point two, the Court finds that the provisions of the contract with the Commodity Credit Corporation holding

the mortgagor harmless in the event of loss by fire cannot enure to the benefit of defendant. The grain in question was in storage prior to Rhoads' membership in defendant Society, and was unquestionably covered by the provisions of defendant Society's insurance program. It is undisputed that the grain was covered up to the time Rhoads mortgaged the grain to the Commodity Credit Corporation.

It is defendant's contention that because of the exoneration of the mortgagor under Commodity Credit Corporation contract, Rhoads could not from the date of the mortgage suffer a loss on account of fire destroying the corn, and therefore, had no interest to assign to the plaintiff.

The Court finds that Rhoads did have an insurable interest in the grain after the chattel mortgage was executed to the Commodity Credit Corporation. Rhoads still had certain rights and property interest in the corn. He had the right to assign his claim after loss to the plaintiff, and plaintiff had the right to proceed under such assignment against the defendant. See United States of America v. Home Insurance Company of New York, a corporation, D.C., 142 F.Supp. 478. It is our opinion that the provisions of the defendant's insurance program covered the grain destroyed on February 11, 1958, and that plaintiff should recover in the sum of $7,738.27, together with interest and costs.

It is the Court's opinion that defendant's position in relation to its third contention that the insured, by cashing the check which contained the words "release of all claims", relieved the insured of further liability is not well founded. In the Court's opinion there was at least a mutual mistake between the parties as to the extent of the insurance coverage. Therefore, the release would be invalid.

The foregoing Memorandum is adopted by the Court as its Findings of Fact and Conclusions of Law, and the Clerk is directed to enter judgment accordingly.